MAURICE H. PRESSLER (1930-2002)
SHELDON H. PRESSLER
-------------------
GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR.
-------------------
MITCHELL L. WILLIAMSON
THOMAS M. BROGAN
RALPH GULKO
JOANNE L. D'AURIZIO
STEVEN P. BANN

**PRESSLER AND PRESSLER,LLP**
COUNSELLORS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
Off: (973) 753-5100
Fax: (973) 753-5353
*NY Office:*
305 Broadway, 9th Floor
New York, NY 10007
Office: (516)222-7929
Fax: (973)753-5353
E-MAIL: Pressler@Pressler-Pressler.com
Please Reply To:
[X] New Jersey Office  [ ] New York Office

CHRISTOPHER P. ODOGBILI      DARYL J. KIPNIS
DALE L. GELBER               THOMAS M. KRICK
CRAIG S. STILLER*            STEVEN A. LANG
MITCHELL E. ZIPKIN

* NY STATE LICENSE ONLY

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-2pm


MAY 15, 2010

*VIA ECF*
Hon. Kenneth M. Karas, U.S.D.J.
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150


    Re:    **Shraga Klein v New Century Financial Services, Inc and Pressler & Pressler, LLP**
        United States District Court for Southern District of New York (White Plains)
        Civil Case no. 2:09-civ-7018 (KMK)(PED)
        P&P file number N49508A


Dear Judge Karas:

Please accept this letter as a request by Defendants for leave of court to file a motion to dismiss and/or for summary judgment pursuant to FRCP 12b(6) or FRCP 12c or Rule 56 respectively. The basis of the motion is that the act alleged to be violative of the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq. (the "FDCPA") occurred on June 11, 2008, and the instant complaint was filed on August 7, 2009, more than one year later.


    **15 U.S.C. § 1692k (d) states:**
    An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

Background or The Tale of two Kleins, both named Shraga
On or about February 28, 2005, New Century Financial Services, Inc. ("NCFSI") purchased a defaulted Bank One Visa credit card account in the name of Shraga Klein, (not the Plaintiff) which bore an address of to 4317 14th Ave, Brooklyn and subsequently sent an initial communication to the debtor advising that they now owned the faulted account. A response was received from the debtor several weeks later to which NCFSI sent further response. That response came back marked that Mr. Klein had moved without

*Klein v NCFSI and Pressler & Pressler, LLP*
*Civil Case no. 2:09-civ-7018 (KMK)(PED)*
*May 15, 2010*
*Page 2*

forwarding address. The account was thereafter referred to Pressler & Pressler, LLP ("Pressler") as attorneys for NCFSI.

For the next several years Pressler attempted to locate Mr. Klein with no success. In February of 2008 a summons and complaint were filed and bore the address of the instant Plaintiff. Plaintiff received the summons and complaint in May 2008. No answer was ever filed and a default judgment was entered on June 11, 2008. Of note is the fact that at all times, when the debt was reported, it was reported on the record of the correct Shraga Klein, not the Plaintiff. Subsequent to the entry of judgment the Notice of Judgment and all collection activities were directed to a newly obtained Brooklyn address and the next contact with Plaintiff was in March 2009 when counsel for Plaintiff contacted Pressler and advised that there was a judgment bearing Plaintiff's address. The judgment was subsequently vacated.

<u>The legal basis for the requested motion:</u>
As discussed above, assuming arguendo that either the filing of the summons or complaint with the wrong address was a violation or the entry of a judgment with the wrong address was a violation, both events took place prior to August 6, 2008, and therefore fall out the one year statute of limitations of the FDCPA. <u>Schuh v. Druckman & Sinel, L.L.P.</u>, 602 F. Supp. 2d 454, 466 (S.D.N.Y. 2009); <u>Sierra v. Foster & Garbus</u>, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999); <u>Puglisi v. Debt Recovery Solutions, LLC</u>, 2010 U.S. Dist. LEXIS 6120 (E.D.N.Y. Jan. 26, 2010).

As a final note, preliminary investigation reveals no cases adopting the "discovery rule" utilized most often in tort claims in the context of a FDCPA case with one exception: <u>Magnum v Action Collection Service, Inc.</u>, 575 F. 3d 935 (9th Cir. 2009). This case remains an anomaly and will be discussed by counsel in Defendants' moving papers should the court grant leave to file the requested motion.

Counsel are scheduled to be before the Court on June 3rd. As stated in court on May 6th, the undersigned will be out of the country from May 15th through May 31st. Thank you for your consideration of this request.


Respectfully yours,
PRESSLER & PRESSLER,LLP

*Mitch Williamson*

Mitchell L. Williamson

MLW/MW

Cc: Joshua Bleichman, Esq. via ECF