UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
SHRAGA KLEIN
       Plaintiff,                                      Case No. 09-7018

vs.

New Century Financial Services Inc,
Pressler and Pressler LLP, Defendants
----------------------------------------x

**<u>Affirmation in Opposition to Defendant's Motion for Dismissing Complaint</u>**

I, Joshua N. Bleichman, counsel for the debtor herein, affirm under penalty of perjury, state that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

(It must be noted that the Motion does not appear on the court website)

1.      This affirmation is made in Opposition to Defendants' Motion to Dismiss the Complaint.

2.      On January 22, 2009, my partner, Shmuel Klein filed a Complaint on behalf of Plaintiff against Defendants New Century Financial Services and Pressler and Pressler, with the United States District Court for New Jersey, Case No. 09-0299 (See Exhibit "A").

3.      When my partner, Shmuel Klein was suspended from the practice of law in the Second Circuit, (due to a strict reading of its own rules rather than any violation) the Southern District Court felt compelled to follow, notwithstanding their prior Order allowing him to practice law in the Southern District.  Counsel for the defendants in this case and in the New Jersey case, having no defense to the allegations of the complaint, delayed the New Jersey case by raising the suspension issue.  The Magistrate Judge, presuming guilt ahead of innocence, stayed all proceedings in the New Jersey case until a determination would be made regarding my partner's ability to practice. Of note, New Jersey's highest Court already reviewed the matter and concluded that my partner could continue to practice law in New Jersey.   Rather than

prejudice the Plaintiff, we filed the very same suit in New York. Counsel for Defendant (reluctantly) and my partner agreed to dismiss the New Jersey action. On September 25, 2009, Judge Stanley R. Chesler signed an order dismissing the New Jersey Case.

4.  Plaintiff refilled the complaint on August 07, 2009, with the New York District Court against Defendants New Century Financial Services and Pressler and Pressler. (Exhibit "B").

5.  The facts of each case are identical. Some time in 2005 Plaintiff received a letter, at his former home address, from Pressler and Pressler regarding a delinquent Mastercard credit card account balance in excess of $4000.00 under the name "Shraga Klein". Plaintiff called Pressler and Pressler and they confirmed that the "Shraga Klein" they were looking for was a much older person with a completely different social security number. Pressler and Pressler asked Plaintiff to fax them a copy of his social security card as proof. Plaintiff refused, so Pressler and Pressler then asked Plaintiff to fax a copy of it with only the last 4 digits of his social security card. Plaintiff did fax or mail a copy of his social security card, but with only the last 2 digits showing. Pressler and Pressler acknowledged that the numbers did not match and the debt was not his.

6.  In February of 2008 Plaintiff received another collection letter, at his current home address from Pressler and Pressler now regarding an alleged delinquent **Visa** credit card (last 4 digits 5803) balance in the name of "Shraga Klein". Plaintiff has never owned a Visa credit card account. Plaintiff's credit history reports show no such account.

7.  Plaintiff called Pressler and Pressler in response to this collection letter, and told them this was the second time they were confusing him with a different person "Shraga Klein". Pressler and Pressler again told Plaintiff to fax a copy of his social security card as proof of his identity, which Plaintiff refused to do. Pressler & Pressler harassed Plaintiff about this for ½ hour, at the end of which Pressler & Pressler told Plaintiff "… if it's not you, then just disregard it." He reminded them of the conversation they had a few years earlier.

8.  Nevertheless, and with actual knowledge they were suing the wrong person, Defendants sued Plaintiff (Index Number SU-2008-02214) in Rockland County, New York, where Plaintiff resides and owns property.

9.  In classic sewer service style, Defendants claimed to have delivered a true copy of the Summons and Complaint to a "David Klein, relative" of Plaintiff, on March 22, 2008. Plaintiff has no such relative with the name "David Klein" and fitting the description (Sex: Male, Color of skin: Black, Color of hair: Black, Age: 36-50 yrs old, Height: 5'9"-6', Weight: 161-200) of said "David Klein". Plaintiff claims that to the best of his knowledge no such person even lives in his neighborhood. He lives in a predominantly white Hassidic neighborhood, and he is white Hassidic.

10. On May 1, 2008 Pressler & Pressler mailed a Summons, Index No. SU2008-02214, to Plaintiff at his current home address. Plaintiff called Pressler & Pressler about the complaint and again disputed the debt.

11. On or about the end of the first week of December 2008, Plaintiff went online to the Rockland County Clerk web site to check matters about his house for refinancing. Plaintiff found and printed copies of a Summons and Complaint, and subsequent default judgment against him which had been filed against him by the Defendants. Shortly thereafter his mother went to the Court herself and found and printed out copies of other documents filed against the Plaintiff, which he was not obligated or were his accounts.

12. Defendants did enter Judgment against Plaintiff in the amount of $1,647.46 filed on June 11, 2008.

13. Upon discovery of the Judgment in December, 2009 Plaintiff immediately called Defendants and again explained that they had the wrong person.  He again discussed the difference of social security numbers and that the debt was not his.  Defendants said they would "look into it".  As of the date of this pleading, the Judgment has not been vacated.

14. As a result of the Judgment, Plaintiff is unable to refinance his home because the Judgment is reported As of today, the Judgment is still recorded on the Rockland County Courthouse, and there is no Vacate of Default recorded. See Exhibit "C".

15. Defendants contention that Plaintiff has failed to plead facts sufficient to establish a violation under 1692g(b) is sanctionable on its face. The facts more than support the 1692g(b) violation. See Memorandum of Law filed herewith.

16. Similarly, Defendants contention that Plaintiff has failed to plead facts sufficient to establish a violation under 1692e(2) is sanctionable on its face. The facts more than support the 1692g(b) violation. See Memorandum of Law filed herewith.

17. Similarly, Defendants contention that Plaintiff has failed to plead facts sufficient to establish a violation under 15 U.S.C. §1692k(d) is sanctionable on its face. The facts more than support the 15 U.S.C. §1692k (d) violation. See Memorandum of Law filed herewith.

15 U.S.C. §1692k (d) sets a one year statute of limitation on actions for violations of the act. As of this date, the judgment remains of record. Defendants have failed to commence the starting point for the one year statute of limitations.

18. Alternatively, if the Court believes the start date is from the date of the entry of the judgment, (June 11, 2008) Plaintiff initially filed a Complaint against Defendants in New Jersey District Court in January 2009, which is within the one year. It was with Defendants consent that the case be dismissed in New Jersey and then re-filed in New York. Defendants are Equitably estopped from raising a statute of limitations defense.

19. The continuation theory argument of defendants must be from another pleading filed by defendants in another case. The facts are very simple, it is undisputed that Defendants knew they had the wrong person and they sued him anyway. They failed to do anything to correct the deliberate act of entering a default judgment up to this date.

20. Likewise, the doctrine of equitable tolling is applicable because Defendant agreed to dismiss the case in New Jersey and to having the case filed in New York. It would be manifestly inequitable to dismiss this case when Defendants are estopped by their acquiesance

in dismissing the New Jersey action which was filed within the one year limitation. The Complaint was then filed with New York District Court when the New Jersey Case was still open.

WHEREFORE Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied.

| | |
|---|---|
| Dated: July 30, 2010<br>Spring Valley, NY 10977 | /s/Joshua N. Bleichman<br>Joshua N. Bleichman<br>Bleichman and Klein<br>Attorney for Plaintiff<br>268 Route 59<br>Spring Valley, NY 10977<br>(845) 425-2510 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
SHRAGA KLEIN
        Plaintiff,                                             Case No. 09-7018

vs.

New Century Financial Services Inc,
Pressler and Pressler LLP, Defendants
----------------------------------------x

## MEMORANDUM OF LAW IN FURTHER OPPOSITION TO MOTION

COMES NOW, Shraga Klein, Plaintiff in the above captioned case, and files this Memorandum of Law in opposition to the Motion to dismiss, and as cause therefore would respectfully show this Court as follows:

### I.   OPERATIVE FACTS

The Plaintiff incorporates by reference verbatim the statements of fact alleged in the affirmations in opposition to the Motions filed herewith.

### II.   ARGUMENTS AND POINTS AND AUTHORITIES

### LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S. Ct. 1955, 1964 (2007). In addition, the Court must accept all material allegations in the complaint -- as well as any reasonable inferences to be drawn from them -- as true. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force,

411 F.3d 1092, 1096 (9th Cir. 2005).

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S. Ct. at 1964-65 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

### III. DISCUSSION

Plaintiff's Complaint alleges that New Century and Pressler violated specific provision of the Fair Debt Collection Practices Act. (See Compl. ¶¶ 15-18.) The Complaint alleges acts sufficient to state a claim for violations of §§ 1692d, 1692e, 1692e(8) and 1692f(1) of the Act.

Section 1692e of the FDCPA provides, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. 1692e. It provides a nonexclusive list of examples of acts that would violate the section, including, among others: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. 1692e(8).

A collector with actual notice that a debt is disputed violates § 1692e(8) by communicating with any third party about the debt without disclosing the disputed nature of the debt. See Brady v. Credit Recovery Co., Inc., 160 F.3d 64, 67 (1st Cir. 1998); Perez v. Telecheck Services, Inc., 208 F. Supp. 2d 1153, 1156 (D. Nev.

2002). Thus, Plaintiff states a claim for violation of § 1692e(8) by alleging that New Century and Pressler had notice that Plaintiff disputed the debt and yet failed to disclose that the debt was disputed when it assigned the account to other debt collectors and sold the debt. This finding--that the Complaint states a claim for violation of § 1692e(8)--is sufficient to resolve the Motion to Dismiss, whether or not a claim is stated for other sections of the FDCPA. For the purposes of a Rule 12(b)(6) motion, it is sufficient that the facts alleged support any valid claim, even if the complaint fails to enunciate which legal theory supports recovery. Conley, 355 U.S. at 45-46; see also Crull v. GEM Ins. Co., 58 F.3d 1386, 1391 (9th Circ. 1995) (explaining that the failure to cite the correct statute in a complaint does not affect the merits of the claim; factual allegations are what matters). Accordingly, since Plaintiff's Complaint sets forth facts sufficient to state a claim under § 1693e(8) of the FDCPA, it is sufficient to survive a motion under Rule 12(b)(6).

**ESTOPPEL AND WAIVER**

In waiver, both knowledge of the facts basic to the exercise of the right and the intent to relinquish that right are essential elements.... In estoppel, intent to relinquish is not an element, and knowledge of the facts basic to the exercise of the right may be presumed when the facts are such as to put a reasonably prudent person upon inquiry and prompt him to pursue the inquiry and acquire knowledge. Mooney v. State Farm, 956 F.2d 1162 (4th Cir. 1992).

Plaintiff absolutely relied upon Defendants acquiescence to the dismissal and the re-filing of this case in this Court.

Since the New Jersey case was filed within the year of the violation and Defendants counsel acquiesced to the dismissal of the New Jersey case AND the filing of the New York case, Defendants are estopped from raising a statute of limitations defense or as any basis to dismiss.

WHEREFORE Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied.

| | |
|---|---|
| Dated: August 10, 2010<br>Spring Valley, NY 10977 | /s/Joshua N. Bleichman<br>Joshua N. Bleichman<br>Bleichman and Klein<br>Attorney for Plaintiff<br>268 Route 59<br>Spring Valley, NY 10977<br>(845) 425-2510 |

CERTIFICATE OF SERVICE

    I, Joshua N. Bleichman, an attorney admitted to practice before this court affirms under the penalties of perjury that I am not a party to this action and that I am over the age of 18 years old. I served the Affirmation in Opposition to Defendant's Motion for Dismissing Complaint on August 10, 2010, by depositing a true copy thereof by Regular Mail in a post-paid wrapper, placing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, first class mail, addressed to the following persons:

Mitchell L. Williamson
Pressler and Pressler
7 Entin Rd.
Parsippany, NJ 07054

                                                             /s/ Joshua N. Bleichman
                                                                 Joshua N. Bleichman