# Exhibit A

Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------x
SHRAGA KLEIN
        Plaintiff,                             COMPLAINT FOR VIOLATION
                                                       of the Fair Debt Collection
vs.                                                        Practices Act

New Century Financial Services Inc,
Pressler and Pressler LLP, Defendants       Plaintiff Demands a Trial by Jury
----------------------------------------x

## INTRODUCTION

1.     This is an action for damages and declaratory relief by an individual consumer for Defendants' joint and several and repeated violations of the Fair Credit Billing Act, 15 U.S.C. §1666 *et seq.*, (hereinafter FCBA) Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter FDCPA) and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter FCRA), the New Jersey Consumer Fraud Act, breach of contract, negligence, common law fraud, defamation, and infliction of emotional distress.

## JURISDICTION AND VENUE

1.     Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law. Defendants violated the provisions of the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper in that Defendants transact business and have offices in this District.

## PARTIES

2. Plaintiff, Shraga Klein, is a natural person residing at 83 Union Rd, Spring Valley, NY 10977 Rockland County.

3. Defendant, New Century Financial Services Inc, 110 South Jefferson Rd, Whippany, NJ 07981 is a debt collector as defined by the FDCPA.

4. Defendant, Pressler and Pressler LLP, 990 Stewart Ave, Ste 30, Garden City, NY 11530 and 7 Entin Rd., Parsippany, NJ 07054-502, is attorney for New Century Financial Services.

## FACTUAL ALLEGATIONS

5. Some time in 2005 Plaintiff received a letter, at his former home address, from Pressler and Pressler regarding a delinquent **Mastercard** account balance in excess of $4000 that was under the name "Shraga Klein". Plaintiff called Pressler and Pressler about this, his conversation with them revealed that the "Shraga Klein" that Pressler and Pressler was looking for was a much older person with a completely different social security number. Pressler and Pressler asked Plaintiff to fax them a copy of his social security card as proof. Plaintiff refused, so Pressler and Pressler then asked Plaintiff to fax a copy of it with only the last 4 digits showing. Plaintiff did fax or mail a copy of his social security card, but with only the last 2 digits showing. Pressler and Pressler acknowledged that the numbers did not match.

6. In February of 2008 Plaintiff received a collection letter, at his current home address, from Pressler and Pressler now regarding an alleged delinquent **Visa** credit card (last 4 digits 5803) balance in the name of "Shraga Klein". Plaintiff has never owned such a Visa credit card account. Plaintiff's credit history reports show no such account.

3

7. Plaintiff called Pressler and Pressler in response to this collection letter, and told them this was the second time they were confusing him with a different person "Shraga Klein". Pressler and Pressler again told Plaintiff to fax a copy of his social security card as proof of his id, which Plaintiff refused to do. Pressler & Pressler harassed Plaintiff about this for ½ hour, at the end of which Pressler & Pressler told Plaintiff "… if it's not you, then just disregard it."

8. Nevertheless Defendants sued Plaintiff and filed a Certificate of Service and Summons & Verified Complaint (Index Number SU-2008-02214). Defendants claim to have delivered a true copy of each to a "David Klein, relative" of Plaintiff, on March 22, 2008. Plaintiff has no such relative with the name "David Klein" and fitting the description (Sex: Male, Color of skin: Black, Color of hair: Black, Age: 36-50 yrs old, Height: 5'9"-6', Weight: 161-200) of said "David Klein". Plaintiff claims that to the best of his knowledge no such person even lives in his neighborhood. He lives in a predominantly white Hassidic neighborhood, and he is white Hassidic.

9. On May 1, 2008 Pressler & Pressler mailed a Summons, Index No. SU2008-02214, to Plaintiff at his current home address. Upon information and belief Plaintiff called Pressler & Pressler about it and again disputed the debt.

10. On or about the end of the first week of December 2008, Plaintiff went online to the Rockland County Clerk web site to check matters about his house for refinancing. Plaintiff found and printed copies of a Summons and Complaint, and subsequent default judgment against him which had been filed against him by the Defendants. Shortly thereafter his mother went to the Court herself and found and printed out copies of other documents filed against the Plaintiff, which he was not obligated or were his accounts.

4

## FIRST CLAIM: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

11.     The allegations of paragraphs 1-10 in this pleading are incorporated as if fully rewritten herein.

12.     Defendants violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(2) by falsely misrepresenting that Plaintiff's debt was collectable from Plaintiff.

13.     Defendants violated 15 U.S.C. 1692g(b) by attempting to collect a debt from Plaintiff when they knew, or should have known, that they had no legal authority to do so.

14.     As a direct and proximate result thereof, Plaintiff has been injured and is entitled to actual, statutory, and punitive damages therefore on each and every violation.

## SECOND CLAIM: VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

15.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1-14 as if fully rewritten herein.

16.     Plaintiff is entitled to relief for Defendants' joint and several violations of the New Jersey Consumer Fraud Act, pursuant to N.J.S.A. 56:8-19.

17.      Defendants New Century Financial Services Inc, and Pressler and Pressler LLP violated the NJ Consumer fraud act, 56:8-88 by their failure to correct their billing errors associated with Plaintiff's alleged account, even after his request for them to do so.

18.     As a result of Defendants' violation of the NJ Consumer Fraud Act, Plaintiff has suffered damages.

19. Plaintiff seeks to recover actual, statutory and punitive damages for Defendants joint and several repeated violations of the NJ Consumer Fraud Act, pursuant to N.J.S.A. 2A:32-1.

20. As alleged therein, Defendants have engaged in unfair and deceptive trade and business practices and are liable unto Plaintiff under state laws for those violations.

21. Alternatively, Defendants have, with willful intent to injure or maliciously, engaged in unfair and deceptive trade and business practices and are liable unto Plaintiff under various state laws for those violations.

### THIRD CLAIM: NEGLIGENCE

22. The allegations of paragraphs 1-21 in this pleading are incorporated as if fully rewritten herein.

23. Defendants negligently obtained a Judgment against Plaintiff when they had no legal rights to do so since the **Visa** account referred to does not, and never has belonged to Plaintiff.

24. Defendants negligently failed to serve Plaintiff in the action against him and, upon information and belief, obtained a default judgment on the false pretense of service. As a direct and proximate result thereof, Plaintiff was injured, continues to suffer such injury and may continue to suffer such injury in the future. Defendants are liable to Plaintiff for negligence.

## FOURTH CLAIM: INFLICTION OF EMOTIONAL DISTRESS

25.     The allegations of paragraphs 1-24 in this pleading are incorporated as if fully rewritten herein.

26.     This claim is for tortuous infliction of emotional distress caused to Plaintiff by Defendants.

27.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28.     During the course of their actions, and/or subsequent thereto, Defendants have recklessly and/or intentionally caused severe emotional distress to Plaintiff without protection of law and at a time when they knew or should have known that their actions would do so.

29.     As a direct and proximate result thereof, Plaintiff was injured, continues to suffer such injury and may continue to suffer such injury in the future.

## ADDITIONAL CLAIMS

30.     The allegations paragraphs 1-29 in this pleading are incorporated as if fully rewritten herein.

31.     The above and foregoing actions, inactions and fault of Defendants, as to each and every count, have caused damages to Plaintiff.

32.      Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, bank fees, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of

incidental time, frustration, emotional distress, mental anguish, anxiety, depression, stress, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

      **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for Defendants' violations;

B. Declaratory judgment that Defendants' conduct violated the GBL, and declaratory and injunctive relief for Defendants' violations;

C. Actual damages as proven at trial, on each and every claim;

D. Punitive damages;

E. Injunctive relief;

F. Statutory damages, where applicable;

G. Costs and reasonable attorney fees; and

H. For such other and further relief as may be just and proper.

### PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues and all claims.

DATED: January 20, 2009,
    Mahwah, NJ              /s/Shmuel Klein
                                    Shmuel Klein (SK 7212)

Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------x
SHRAGA KLEIN
Plaintiff
vs.                                                                  Rule 7.1 Statement

New Century Financial Services Inc,
Pressler and Pressler LLP, Defendants.
----------------------------------------x


Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local
General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for SHRAGA KLEIN (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held:
N/A

Dated: Mahwah, New Jersey
January 20, 2009                                            /s/Shmuel klein
                                                                       Shmuel Klein (SK 7212)

9